UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

```
UNITED STATES OF AMERICA,        )
                                 )
                 Plaintiff,      )
                                 )
        v.                       )    No. S1-4:06CR602 CDP
                                 )                  (FRB)
HENRY C. FINNER,                 )
                                 )
                 Defendant.      )
```

**MEMORANDUM, ORDER,**
**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

All pretrial motions in the above cause were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).  The defendant filed several pretrial motions and supplemental pretrial motions.  The motions were heard before the undersigned on February 21, 2007.

Defendant's Motions

1.    Motion For Supplemental Disclosure (Docket No. 50)

To the extent that the defendant's motion seeks material and information required to be disclosed pursuant to Rule 16, Federal Rules of Criminal Procedure, it should be granted.  The government shall:

(1) disclose and make available for inspection, copying, or photographing:  any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or

by the exercise of due diligence may become known, to the attorney for the government; that portion of any written record containing the substance of any relevant oral statement made by the defendant, whether before or after arrest, in response to interrogation by any person then known to the defendant to be a government agent; and recorded testimony, if any, of the defendant before a grand jury which relates to the offense charged. The government shall also disclose the substance of any other relevant oral statement made by the defendant, whether before or after arrest, in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial.

(2) furnish the defendant such copy of the defendant's prior criminal record, if any, as is within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

(3) permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, building or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.

-2-

(4)  permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at trial.

(5)  disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case in chief at trial. This summary must describe the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications.

To the extent that the defendant's motion seeks disclosure of names, addresses and statements of witnesses, it should be denied.  The government is not required to disclose the names or statements of its witnesses prior to the trial of the case.  18 U.S.C. § 3500; Rule 16(a)(2), Federal Rules of Criminal Procedure; United States v. Pelton, 578 F.2d 701, 717 (8th Cir.), cert. denied, 439 U.S. 964 (1978).  "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." United States v. White, 750 F.2d 726, 729 (8th Cir. 1984).

To the extent that the defendant's motion seeks disclosure of reports, memoranda or other internal government documents, it should be denied. Rule 16(a)(2), Federal Rules of Criminal Procedure, specifically prohibits discovery of such documents. <u>See also</u> <u>United States v. Krauth</u>, 769 F.2d 473, 476 (8th Cir. 1985).

To the extent that the defendant's motion requests that the government disclose evidentiary details or the government's theory of the case, it should be denied. <u>United States v. Matlock</u>, 675 F.2d 981, 986 (8th Cir. 1982).

Therefore, the defendant's motion should be granted in part and denied in part.

2.  <u>Motion For Severance</u> (Docket No. 45)

In his motion the defendant seeks separate trials on Counts 1, 2, 5 and 6 and Counts 3, 4 and 7 of the superseding indictment. The defendant does not claim that the offenses are not properly joined under Rule 8(a), Federal Rules of Criminal Procedure. Rather, the defendant seeks such separate trials pursuant to the authority of Rule 14(a), Federal Rules of Criminal Procedure which permits the court to grant separate trials on separate counts of an indictment if the joinder of counts for trial "appears to prejudice a defendant."

There is a strong presumption against severing properly joined cases. <u>United States v. Delpit</u>, 94 F.3d 1134, 1143 (8th Cir. 1996). The defendant avers in his motion that prejudice could

-4-

result from the possibility that the jury might use evidence of some offenses to infer guilt on others and to cumulate the evidence to convict the defendant on all counts. Such a speculative and general assertion is not sufficient to demonstrate prejudice and to overcome the presumption against severance of properly joined counts. <u>United States v. Saadey</u>, 393 F.3d 669, 678-79 (6th Cir. 2005). Furthermore, at trial the court will likely instruct the jury of the necessity of considering each charge and the evidence relating thereto separately, thus avoiding the danger of prejudice which could result from the cumulation of evidence by the jury. <u>United States v. Lawson</u>, 173 F.3d 666, 671 (8th Cir.) <u>cert. denied</u>, 528 U.S. 909 (1999).

Therefore, the defendant's motion should be denied.

3. <u>Motion To Suppress Evidence And Statements</u>
(Docket No. 43)

Testimony and evidence was adduced on the defendant's motion at the hearing on February 21, 2007. From the testimony and evidence adduced at the hearing the undersigned makes the following findings of fact and conclusions of law:

## Findings of Fact

On September 26, 2007, Henry C. Finner, the defendant here, opened an account at the Bank of America, Warson Woods, Missouri branch, making a deposit of $25.00. In opening the account Finner listed his social security number as 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,

-5-

which in fact is not the social security number assigned to him. (<u>See</u> Government's Exhibit 2.)

When a Bank of America employee attempted to enter the account opening in bank records it was noted that Finner was "flagged" in the Bank's records because of problems with a previous account. Bank employees apparently also noted that the social security number used by Finner in an attempt to open the account on September 26, 2006, was not his own social security number, but the number assigned to another of the Bank's customers. (<u>See</u> Government's Exhibit 1.) After making this discovery a Bank employee contacted Finner and told him that the account could not be opened and told him that he could return to the Bank on September 28, 2006, to receive a refund of the $25.00 he had deposited to open the account.

A Bank of America fraud investigator then contacted Special Agent John Travis Gibson, of the United States Secret Service, and informed him of the above information.

Agent Gibson, along with Agent Tom Brady of the Social Security Administration then went to the Bank of America, Warson Woods facility on September 28, 2006, with the intent to interview Finner about the matter if he returned to the Bank as anticipated.

Finner did return to the facility on September 28, 2006. When he entered the Bank he was pointed out to the agents by an employee. The agents also recognized him from a photo they had seen. The agents then approached Finner and identified themselves

-6-

and said they wanted to speak with him.  They asked Finner to step into a nearby conference room, which he did.  Once Finner and the agents were inside the room the door was closed.  The room was visible to persons in the Bank lobby through glass windows.  Finner and the agents sat down at a table in the room.  The agents displayed their credentials to Finner and told him that they wanted to speak with him about his effort to open an account at the Bank on September 26, 2006.  Finner was told by the agents that he was not under arrest.  The agents obtained biographical information from Finner.  In providing this information Finner recited his true and accurate social security number.  When the agents pointed out that this number was different than the social security number which he listed when opening the bank account on September 26, 2006, Finner responded that he sometimes was forgetful of the number.  The agents also questioned Finner concerning circumstances surrounding several of his previous convictions.  Upon conclusion of the interview Finner left the Bank.

Finner was not physically restrained in any manner during the interview.  No weapons were displayed by the agents at any time during the encounter.

## Discussion

As grounds to suppress the statements made by him to the agents on September 28, 2007, the defendant asserts in his motion that the statements "were elicited by coercion and without the defendant being advised of and afforded his rights under the Fifth

Amendment of the United States Constitution." He further asserts that he did not waive his Fifth Amendment rights. He also claims that his statements were "elicited as a result of an illegal arrest."

In <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966) the Supreme Court held that before questioning a person in custody law enforcement officials must advise the person that she has the right to remain silent; that any statements she makes may be used against her at trial; that she has the right to have an attorney present during questioning; and that if she cannot afford an attorney one will be appointed for her. <u>Id.</u> at 478-79. The officials may question the person after so advising her if the person voluntarily, knowingly and intelligently waives these rights and agrees to answer questions put to her by the officials. Absent such advice and waiver, statements obtained through interrogation of a person in custody are not admissible against the person at trial. <u>Id.</u> at 479.

The proscriptions of <u>Miranda</u> apply only when the person questioned is "in custody." <u>Illinois v. Perkins</u>, 496 U.S. 292, 297 (1990). A person is in custody within the meaning of <u>Miranda</u> when, under the totality of the circumstances, "a suspect's freedom of action is curtailed to a 'degree associated with formal arrest.'" <u>Berkemer v. McCarthy</u>, 468 U.S. 420, 440 (1984); <u>California v. Beheler</u>, 436 U.S. 1121, 1125 (1983). In determining whether a person was in custody at the time of questioning the court must

-8-

examine the objective circumstances surrounding the interrogation, Stansbury v. California, 511 U.S. 318, 323 (1994), and to determine from those circumstances "how a reasonable (person) in the suspect's position would have understood his situation." Berkemer v. McCarthy, 468 U.S. at 442.

Miranda does not apply if the person is not in custody, even if the person is suspected of criminal activity or is a focus of the investigation. Oregon v. Mathiason, 429 U.S. 492, 495 (1977); Beckwith v. United States, 425 U.S. 341, 345 (1976).

In United States v. Griffin, 922 F.2d 1343, 1349 (8th Cir. 1990), the Eighth Circuit Court of Appeals identified a number of factors which the court has looked to in determining whether a person is in custody within the meaning of Miranda.  Those factors are as follows:  (1) whether the suspect was informed at the time of questioning that the questioning was voluntary, that the suspect was free to leave or request the officers to do so, or that the suspect was not considered under arrest; (2) whether the suspect possessed unrestrained freedom of movement during questioning; (3) whether the suspect initiated contact with authorities or voluntarily acquiesced to official requests to respond to questions; (4) whether strong arm tactics or deceptive stratagems were employed during questioning; (5) whether the atmosphere of the questioning was police dominated; or, (6) whether the suspect was placed under arrest at the termination of the questioning.  Id.

Application of these factors here, and considering the totality of the circumstances, leads to the conclusion that the defendant was not "in custody" within the meaning of <u>Miranda</u> when he was questioned by Agents Gibson and Brady.

The defendant was told by the agents why they wished to speak with him and was specifically told that he was not under arrest. The defendant was not physically restrained in any way at any time during the interview. Although the interview took place in a closed door conference room, the interior of the room was visible through glass windows to persons in the lobby area of the bank. The defendant expressed no unwillingness to speak with the officers and did not ask at any time that the interview be terminated. He did not ask to leave at any time during the interview. There is no evidence that any threats or coercion were used by the agents to induce the defendant to answer questions. Finally, upon conclusion of the interview the defendant was not arrested, and was permitted to leave the bank.

The defendant was not in custody and the statements made by him to the agents should not be suppressed even in the absence of <u>Miranda</u> warnings or a waiver thereof. Nor was the defendant ever under arrest and the statements were not the result of any illegal arrest as asserted by the defendant in his motions.

In his motion the defendant also moves to suppress any items of physical evidence seized from him. However, at the hearing on the motion counsel for the government stated in response

to the motion that no such evidence was seized from the defendant
and counsel for the defendant stated that he had no basis to
dispute that assertion.  Therefore the defendant's motion, to the
extent that it seeks to suppress such items, should be denied as
moot.  For all of the foregoing reasons the defendant's Motion to
Suppress Evidence and Statements should be denied in part and
denied in part as moot.

    4.    <u>Motion To Dismiss Indictment Or, Alternatively, To Compel
The Government To Elect Upon Which Count It Will Proceed</u>
(Docket No. 14); and

    5.    <u>Motion To Dismiss Superceding Indictment Or,
Alternatively, To Compel The Government To Elect Upon
Which Count It Will Proceed</u>
(Docket No. 44).

In these motions the defendant avers that various counts
of the original and superseding indictments are "multiplicious" in
that the defendant is charged with the same offense in several
different counts.

An indictment is multiplicitous if it charges a single
offense in multiple counts.  <u>United States v. Webber</u>, 255 F.3d 523,
527 (8th Cir. 2001).  However, a defendant may be charged with
multiple offenses based on the same underlying conduct as long as
each offense requires proof of an element not required by the
other.  <u>United States v. Vartanian</u>, 245 F.3d 609, 616 (6th Cir.
2001); <u>United States v. Beltz</u>, 385 F.3d 1158, 1161 (8th Cir. 2004);
<u>United States v. Chacko</u>, 169 F.3d 140, 145-48 (2nd Cir. 1999).

The defendant is charged here in the superseding indictment in seven counts.  Counts 1 and 5 arise out of events alleged to have occurred on January 8, 2006, and charge violations of 18 U.S.C. § 1028(A) and 42 U.S.C. § 408(a)(7)(B).  Counts 2 and 6 arise out of events alleged to have occurred on February 3, 2006, and allege violations of 18 U.S.C. § 1028(A) and 42 U.S.C. § 408(a)(7)(B). Counts 3, 4 and 7 arise out of events alleged to have occurred on September 26, 2006, and allege violations of 18 U.S.C. § 1028(A), 18 U.S.C. § 1028(a)(7), and 42 U.S.C. 408(a)(7)(B).[1]  The defendant contends that there are only three actual offenses alleged, namely those occurring on January 8, February 3, and September 26, 2006, and that to the extent that the indictment charges more than one offense arising out of the events on each of those dates, that the indictment is multiplicitous.  However, 18 U.S.C. § 1028(A), 18 U.S.C. § 1027(a)(7), and 42 U.S.C. § 408(a)(7)(B) each require proof of at least one separate element that the other statutes do not.  Thus, the indictment is not multiplicitous, and does not run afoul of the Fifth Amendment's prohibition under the double jeopardy clause of the imposition of multiple punishments for the

---

[1]Counts 1, 2 and 3 of the original indictment are realleged as counts 3, 4 and 7, respectively in the superseding indictment.  The additional counts were newly added in the superseding indictment.

same offense.  <u>Blockburger v. United States</u>, 244 U.S. 299 (1932).

Therefore, the defendant's motions should be denied.

<u>Government's Motions</u>

1.  <u>Government's Motion To Correct Clerical Error In Indictment</u> (Docket No. 41).

In its motion the government notes that counts 5-7 of the superseding indictment are misnumbered as counts 6-8, and moves that the numbering of the counts in the superseding indictment be renumbered correctly as counts 5-7.  The defendant has responded that he has no objection to the motion.

Therefore, the government's motion should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion For Supplemental Disclosure (Docket No. 50) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that the government's Motion To Correct Clerical Error In Indictment (Docket No. 41) is granted.

**IT IS HEREBY RECOMMENDED** that defendant's Motion For Severance (Docket No. 45) be denied.

**IT IS FURTHER RECOMMENDED** that defendant's Motion To Suppress Evidence And Statements (Docket No. 43) be denied in part and denied in part as moot.

-13-

**IT IS FURTHER RECOMMENDED** that defendant's Motion To Dismiss Indictment Or, Alternatively, To Compel The Government To Elect Upon Which Count It Will Proceed (Docket No. 14); and Motion To Dismiss Superceding Indictment Or, Alternatively, To Compel The Government To Elect Upon Which Count It Will Proceed (Docket No. 44) be denied.

The parties are advised that they have to and including **Monday, April 9, 2007,** in which to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

_Frederick R. Buckles_
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of March, 2007.

-14-